**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

SCAN GLOBAL LOGISTICS, :
a Georgia corporation, :
formerly known as :
Scan AM Transport (USA), Inc., :
: CIVIL ACTION NO.
Plaintiff, : 1:08-CV-0698-JOF
:
v. :
:
PC COMPONENTS, LLC, :
a North Carolina Limited :
Liability Company, :
:
Defendant. :

## OPINION AND ORDER

The instant matter is before the court on Plaintiff Scan Global Logistics' Motion for Default Judgment [4].

Plaintiff's dispute involves five negotiable combined transport bills of lading issued between April 29, 2007, and May 12, 2007.[1] Pursuant to these bills of lading, Defendant and consignee PC Components, LLC, could obtain possession and control of the cargo only upon surrendering the original of each bill of lading. On or about September 2007,

---

[1] Specifically, the complaint refers to bill no. NB0700299 issued on April 29, bill no. NB0700363 issued on May 5, bills nos. NB0700374 and NB0700377 issued on May 6, and bill no. NB0700389 issued on May 12.

Defendant took possession and control of the Plaintiff's containers referred to in the bills of lading without surrendering the original bills or paying the freight charges. The containers were delivered at Defendant's instructions to H&H Fibers of Plantersville, Mississippi. H&H Fibers paid Defendant for the cargo contained in the containers. Plaintiff demanded that Defendant return the containers and cargo; Defendant refused to surrender the original bills of lading, to pay Plaintiff or the shipper for the value of the cargo, or to return the containers. On February 29, 2008, Plaintiff filed suit against Defendant for breach of contract, conversion, and unjust enrichment. Plaintiff attached all five bills to its complaint. Each bill details the terms of the parties' agreement and the value of the cargo at issue. Plaintiff's complaint states that Defendant has breached the contracts or bills of lading and that Plaintiff has suffered damages in the amount of the value of the cargo taken, approximately $471,753.91, plus unpaid freight charges of $149,541.12. Defendant was served but did not answer. On May 13, 2008, the Clerk of Court entered default against Defendant pursuant to Fed. R. Civ. P. 55(a). Plaintiff filed the instant motion on July 1, 2008; the instant motion includes an affidavit from counsel stating that Plaintiff's damages are $621,295.03 in principal, $350 in filing costs, and post-judgment interest of 2.57%. Defendant has not responded.

Defendant defaulted when it failed to respond to Plaintiff's complaint within twenty days as required by Fed. R. Civ. P. 12(a)(1)(a). By its default, Defendant is deemed to have

AO 72A
(Rev.8/82)

admitted Plaintiff's "well-pleaded allegations of fact." *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1976). Even though Defendant is in default, default judgment against it may not be warranted. *Id.* at 1206. The court may grant default judgment only on those claims brought by Plaintiff that are legally sufficient and supported by well-pleaded allegations. *McCoy v. Johnson*, 176 F.R.D. 676, 679 (N.D. Ga. 1997) (Forrester, J.). "[A] default is not treated as an absolute confession by the [defendants] of [their] liability and of the plaintiff's right to recover." *Nishimatsu*, 515 F.2d at 1206. A defendant is not deemed to have admitted conclusions of law or facts that are not well-pleaded. *Id.* Thus, the court must determine whether the well-pleaded allegations of Plaintiff in the complaint deemed admitted by Defendant are sufficient to establish both its liability and the amount of damages before it may grant Plaintiff's motion for default judgment.

A party claiming breach of contract has the burden of pleading and proving (1) the subject matter of the contract, (2) consideration, and (3) mutual assent by the parties to all of the contract terms. *See* O.C.G.A. § 13-3-1; *Broughton v. Johnson*, 247 Ga. App. 819, 819 (2001). Once such a contract is shown, a plaintiff must plead and prove (1) the breach, and (2) "the resultant damages to the party who has the right to complain about the contract being broken." *Budget Rent-A-Car of Atlanta, Inc. v. Webb*, 220 Ga. App. 278, 279 (1996) (quoting *Graham Bros. Constr. Co. v. C.W. Matthews Contracting Co.*, 159 Ga. App. 546,

550 (1981)). The court finds that the well-pleaded allegations of the complaint along with the contracts themselves set forth all of the required elements to establish Defendant's liability for breach of contract with respect to the bills of lading. Accordingly, the court finds that Plaintiff's claim for breach of contract under the bills is legally sufficient and is supported by well-pleaded allegations. The court GRANTS Plaintiff's motion for default judgment against Defendant [4].

The only question remaining before the court is damages. "[A] judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *see also* Fed. R. Civ. P. 55(b); *Patray v. Northwest Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996). The damages with respect to the value of the cargo and freight costs are easily calculable using the bills of lading. The $350 referenced as the costs of filing clearly represents the filing fee. The court ORDERS that Defendant pay Plaintiff the sum of $621,295.03 in principal, costs in the amount of $350.00, and that this sum shall bear post-judgment interest at the rate of 2.57%.

**IT IS SO ORDERED** this 17th day of October 2008.

                                           s/ J. Owen Forrester
                                           J. OWEN FORRESTER
                                           SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)